## OLYPHANT v. ST. LOUIS ORE & STEEL Co. et al.

*(Circuit Court, N. D. Illinois. July 8, 1889.)*

SET-OFF—UNLIQUIDATED DAMAGES—INSOLVENCY.

A garnishee of an insolvent company is not entitled, upon intervention in an action by the company's creditors for appointment of a receiver, etc., to have set off against the judgment obtained against it as garnishee a claim against the company for unliquidated damages growing out of the breach of a contract independent of the one upon which the garnishee was garnished, and arising subsequent to the service of process in the garnishment.

In Equity. Intervening petition of the North Chicago Rolling Mill Company.

*George Willard*, for intervenor.

*Hutchinson & Luff*, for respondent.

GRESHAM, J. On December 1, 1883, the North Chicago Rolling Mill Company, an Illinois corporation, and the St. Louis Ore & Steel Company, a Missouri corporation, entered into a written contract whereby the former company agreed to manufacture and deliver to the latter company 18,000 tons of steel rails at $35 per ton, in monthly installments, during the year 1884. About the same time Cherrie & Co., of Chicago, agreed with the Chicago company to purchase from the St. Louis Company and deliver to the Chicago company, 100,000 tons of Pilot Knob iron ore. Cherrie & Co. failed on July 3, 1884, not having fully performed their contract, and the St. Louis Company agreed to sell and deliver to the Chicago Company a quantity of ore of the same class, at the same price. Ore was delivered under this contract. The failure of Cherrie & Co. appears to have embarrassed the St. Louis Company, and on July 21, 1884, in a suit brought against that company in the circuit court of the United States for the Eastern district of Missouri, a receiver was appointed, who took charge of the company's assets, and undertook to carry on its business. On the same day the Joliet Steel Company, an Illinois corporation, brought a suit in attachment against the St. Louis Company, and garnished the Chicago Company, claiming that it was then indebted to the St. Louis Company in the sum of $19,000 for ore sold and delivered under the contract already referred to. The Chicago Company filed a plea of set-off, containing different items of indebtedness due to it from the St. Louis Company, all of which were allowed, except a claim for unliquidated damages growing out of the non-fulfillment of the contract of December 1, 1883, the court holding that a claim of that nature could not be allowed as a set-off in a suit at law. A judgment was entered against the Chicago Company, as garnishee, in favor of the St. Louis Company, for $16,000, for the use of the Joliet Company; and the Chicago Company then filed its intervening petition in this case. After setting out the proceedings in the suit in garnishment, the petition avers that the St. Louis Company is insolvent, and prays that the damages resulting from the non-fulfillment of the rail contract be ascertained

and set off against the judgment entered against the petitioner as garnishee. After the intervening petition was filed, the St. Louis Company effected a compromise with its creditors, and the suit against it in the federal court at St. Louis was dismissed, and its property was restored to its possession. The judgment against the Chicago Company, as garnishee, was for money due for pig-iron bought from the St. Louis Company, and the claim of the former company is for unliquidated damages growing out of the failure of the latter company to receive rails under the contract of December, 1883, a contract having no connection with the one upon which the Chicago Company was garnished. When the latter company was served as garnishee, no part of the claim now urged as a set-off had accrued. The Chicago Company, then, had no right of action for the recovery of that claim, or any part of it. Indeed, it was then uncertain whether that company would make or lose money by the further performance of the rail contract. Without ruling upon other questions discussed by counsel it is sufficient to say that the claim for unliquidated damages growing out of the failure of the St. Louis Company to receive rails under the rail contract, after the failure of that company, and after the commencement of the suit in attachment, and the service of the writ of garnishment upon the Chicago Company, was properly rejected by the court in the trial of the action at law, and cannot now be set off against the judgment rendered against the garnishee. The intervening petition is dismissed without prejudice to the right of the Chicago Company to prosecute an action against the St. Louis Company.